IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**VANESSA CAROL LYNN SMITH**                                              **PLAINTIFF**

**V.**                              **CASE NO. 5:19-CV-05034**

**NATIONWIDE MUTUAL INSURANCE
AND INVESTMENT; and THE MCHUGHES
LAW FIRM, LLC**                                                          **DEFENDANTS**

## OPINION AND ORDER

Vanessa Smith ("Smith") has filed this lawsuit under the Fair Debt Collections Practices Act ("FDCPA"). She proceeds *pro se* and *in forma pauperis* ("IFP"). Smith has named as Defendants Nationwide Mutual Insurance and Investment ("Nationwide") and The McHughes Law Firm, LLC ("McHughes"). The case is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

According to the allegations of the Complaint and attachments thereto, Smith was involved in a motor vehicle accident on January 20, 2006. Smith was given a traffic citation because of the accident. Thereafter, on September 12, 2008, Nationwide obtained a default judgment against Smith in the amount of $2,518.16. Nationwide was represented by McHughes.

Because the judgment was related to an automobile accident, McHughes provided the State of Arkansas, Department of Finance and Administration, Driver Services, Safety Responsibility ("Driver Services"), a copy of the default judgment. A case, UJ 11668,

1

was opened. On a number of occasions over the next several years, McHughes would notify Driver Services when Smith failed to make payments on the judgment, and her license would be suspended. When Driver Services was notified that payment arrangements had been made, Smith was allowed, for a fee, to get her license reinstated. This process occurred multiple times.

On August 20, 2012, McHughes notified Driver Services that the judgment had been paid in full. The only activity that occurred after that date was a letter from McHughes dated January 28, 2013, to Driver Services stating that Smith was behind on her payments. As the judgment had been satisfied, this letter was in error.

## II. DISCUSSION

The Court is obligated to screen an IFP case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## 1. The FDCPA

Smith maintains Nationwide and McHughes violated the FDCPA by using deceptive, coercive, and harassing methods of collection on an insurance claim by means of a default judgment and the repetitive suspension of her driver's license. A plaintiff alleging a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*, must demonstrate: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the Act. *See, e.g., Pace v. Portfolio Recovery Assocs., LLC,* 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012).

The first question is whether the collection activity arose from a consumer debt. The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The term "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). A civil judgment arising out of an automobile accident is not a consumer debt within the meaning of the FDCPA. *See, e.g., Antoine v. State Farm Mut. Auto. Ins. Co.,* 662 F. Supp. 2d 1318, 1326 (M.D. Fla. 2009) (concluding a judgment obtained by an insurer as the result of an automobile accident was not a consumer debt and applying the same analysis to the Florida

Consumer Collection Practices Act and the FDCPA). Clearly, the debt at issue was not a debt incurred by a consumer for primarily personal, family, or household purposes.

Next, none of the facts alleged in the Complaint and attachments describe deceptive debt collection practices that are prohibited under the law. While threatening legal action when no such action will be filed can amount to a violation of the FDCPA, the use of legal action does not violate the FDCPA. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000) ("[I]t is a violation of the FDCPA to threaten to 'take any action that cannot legally be taken.' 15 U.S.C. 1692f(1).").

In any event, any claims under the FDCPA are barred by the one-year statute of limitations. 15 U.S.C. § 1692k(d) ("[A]n action . . . may be brought . . . within one year from the date on which the violation occurs"). In *Mattson v. U.S. West Communications, Inc.*, 997 F.2d 259, 261 (8th Cir. 1992), the Eighth Circuit treated the one-year statute of limitations as jurisdictional in nature. In *Hageman v. Barton*, 817 F.3d 611, 616 (8th Cir. 2016), the Eighth Circuit was presented with the argument that equitable tolling applied to the FDCPA statute of limitations. The Eighth Circuit noted that "[i]t is well established, as a general matter in the Eighth Circuit, that jurisdictional limitations periods are not subject to equitable tolling." *Id.* The court concluded that it was required to follow the earlier ruling set forth in *Mattson* despite the court's failure to explain its conclusion that the limitation period was jurisdictional. *Id.* at 617. Here, the last act identified by the Smith was the letter sent by McHughes on January 28, 2013. Clearly, Smith's claims under the FDCPA are time-barred.

## 2. Arkansas Deceptive Trade Practices Act ("ADTPA")

Although Smith does not mention the ADTPA, the Court will assume she is asserting a supplemental state law claim. The ADTPA, Ark. Code Ann. § 4-88-101 *et seq.*, makes it unlawful to engage in any "unconscionable, false, or deceptive act or practice in business, commerce or trade." Ark. Code Ann. § 4-88-107(a)(10). The ADTPA provides "a private right of action to 'any person' who suffers actual damage or injury as a result of a violation of the Act." *Crutchfield v. Tyson Foods, Inc.*, 514 S.W.3d 499, 503 (Ark. Ct. App. 2017); Ark. Code Ann. § 4-88-113(f).

Claims are subject to a five-year statute of limitations. Ark. Code Ann. § 4-88-115. The statute of limitations commences on the "date of the occurrence of the violation or the date upon which the cause of action arises." Although fraud can toll or suspend the statute of limitations, "the suspension remains in effect only until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Bank of America, N.A. v. JB Hanna, LLC*, 766 F.3d 841, 855 (8th Cir. 2014) (applying Arkansas law).

Clearly, absent the suspension of the statute of limitations, any ADTPA claim would also be time-barred. This case was not filed until February 15, 2019. Smith discovered or should have discovered the last "fraudulent act" taken by Nationwide or McHughes on or about January 28, 2013, the date of McHughes's letter to Driver Services that erroneously claimed Smith was behind on her payments. Smith's claims under the ADTPA are subject to dismissal.

## III. CONCLUSION

For the reasons stated, the claims asserted in the Complaint are subject to dismissal on the grounds they are frivolous, fail to state claims upon which relief may be granted, or are barred by the statute of limitations. Therefore, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 15th day of March, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE